## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALINDA FOUCHE, | ) |
|                 Plaintiff, | ) Case No. _____ )  ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| PREFERRED PEDIATRIC HOME HEALTH CARE, INC. and JANE DOSS, | ) ) ) ) |
|                 Defendants. | ) ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Malinda Fouche, individually and on behalf of all others similarly situated, for her Complaint against Defendants Preferred Pediatric Home Health Care, Inc. and Jane Doss alleges as follows:

### Nature of Case

1. Defendants have employed Plaintiff and other hourly-paid workers to provide home health services to Defendants' clients (hereinafter collectively "Home Health Workers"). Defendants have maintained a policy and practice of denying overtime wages to the Home Health Workers, and refusing to allow them to report overtime work. As such, Defendants received substantial unpaid labor from their employees. Plaintiff seeks to recover unpaid wages and overtime compensation on behalf of all Defendants' Home Health Workers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. § 290.520 *et seq.*

2.  Plaintiff was also employed by Defendants as a "manager." During that time, Defendants misclassified her as "exempt" from overtime wage laws, and therefore denied her overtime wages. In fact, Plaintiff was not exempt from overtime wage laws during that time because her primary job duty was providing home health services to Defendants' clients, not management of subordinates, and the majority of Plaintiff's work time as a "manager" was devoted to providing home health services. Plaintiff seeks to recover unpaid wages and overtime compensation under the FLSA, 29 U.S.C. § 201 *et seq.*, the IMWL, 820 ILCS § 105/1 *et seq.*, and the MMWL, R.S. Mo. § 290.520 *et seq.*

## Jurisdiction and Venue

3.  The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.  The IMWL authorizes court actions by private parties to recover damages for violation of the IMWL's wage and hour provisions. 820 ILCS § 105/12(a). Jurisdiction over the IMWL claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and 820 ILCS § 105/12(a).

5.  The MMWL authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions. R.S. Mo. § 290.527. Jurisdiction over the MMWL claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and R.S. Mo. § 290.527.

6. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this district, Defendants employed Plaintiff to work in this District, and substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

7. From about February 1, 2016 to about November 18, 2016, Plaintiff Malinda Fouche was employed by Defendants out of their Alton, Illinois office, which is located in this District. From about February 1, 2016 to about July 31, 2016, Defendants employed Plaintiff as a Home Health Worker. From about August 1, 2016 to November 18, 2016, Defendants employed Plaintiff as a "manager." In each of those positions, Plaintiff performed work for Defendants in both Illinois and Missouri. Plaintiff Fouche's consent to join this action is attached as "Exhibit 1."

8. Plaintiff brings Count I of this suit as a collective action under the FLSA on behalf of herself and all other similarly situated Home Health Workers employed by Defendants at any time from the date three years preceding the filing of this lawsuit through the date judgment is entered in this suit.

9. Plaintiff brings Count II of this suit as a class action under the IMWL, 820 ILCS § 105/1 *et seq.*, and Fed. R. Civ. Proc. 23 on behalf of herself and all other similarly situated Home Health Workers who performed work for Defendants in Illinois from the date three years preceding the filing of this suit through the date judgment is entered in this suit.

10. Plaintiff brings Count III of this lawsuit as a class action under the MMWL, R.S. Mo. § 290.520 *et seq.*, and Fed. R. Civ. Proc. 23 on behalf of herself and all other similarly situated Home Health Workers who performed work for Defendants in Missouri from the date two years preceding the filing of this suit through the date judgment is entered in this suit.

11. Defendant Preferred Pediatric Home Health Care, Inc. is an Oklahoma corporation which operates an office in Alton, Illinois, which is located in this District.

12. Defendant Jane Doss is individually liable as an "employer" under the broad definitions provided by the FLSA, the MMWL and the IMWL because she is an owner/operator of Defendant Preferred Pediatric Home Health Care, Inc., she is an officer of Defendant Preferred Pediatric Home Health Care, Inc., she has held supervisory authority over Plaintiff and all other similarly situated Home Health Workers, she has ultimate control over employment practices including but not limited to employee compensation, and she is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d); 820 ILCS 105/3(c); R.S. Mo. § 290.500(3).

**General Allegations**

13. Defendants employ hundreds of Home Health Workers based out of five facilities located in Oklahoma and Illinois.

14. Defendants regularly scheduled their Home Health Workers to work 40 hours per week.

15. In addition, Defendants required Home Health Workers to be "on call" during the rest of the week.

16. Defendants assigned Home Health Workers to provide home health services to Defendants' clients during their "on call" time.

17. Such work performed by the Home Health Workers during their "on call" time generally constituted work in excess of 40 hours per week.

18. Defendants maintained a company-wide policy of not permitting Home Health Workers to report their overtime work.

19. Pursuant to that company-wide policy, Defendants instructed Home Health Workers not to report overtime work.

20. Thus, Defendants failed and refused to provide Home Healthcare Workers overtime wages required under the FLSA, the IMWL and the MMWL.

21. During times relevant, Defendants have adhered to the same policies and practices with respect to all Home Health Workers.

22. Plaintiff continued to provide home health services to Defendants' clients during her "on call" time, and during overtime, after Defendants promoted her to the position of "manager."

23. In addition, as a "manager," Plaintiff participated in work meetings and telephone calls with her superior on overtime.

24. Defendants failed and refused to pay Plaintiff for that overtime work performed as a "manager."

25. As a "manager," Plaintiff's primary job duty continued to be providing home health services to Defendants' clients.

26. The majority of Plaintiff's work time as a "manager" was devoted to providing such home health services, which did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion over work performed by others.

27. As a "manager," Plaintiff's primary job duty of providing home health services did not include interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee

5

complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

28. Therefore, Defendants misclassified Plaintiff as an "exempt" manager and failed and refused to pay her overtime wages.

29. The net effect of Defendants' policies and practices, instituted and approved by company managers including the individual Defendant, is that Defendants willfully failed to pay overtime compensation to save payroll costs.

30. Defendants thus enjoy substantial ill-gained profits at the expense of Home Health Workers.

## Collective and Class Action Allegations

31. Plaintiff brings Count I under the FLSA as an "opt-in" collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Home Health Workers employed by Defendants at any time from the date three years preceding the filing of this lawsuit through the date judgment is entered in this suit.

32. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action via mail.

33. Plaintiff and all other Home Health Workers are similarly situated in that:

6

    a.    They have worked for Defendants as Home Health Workers during the recovery period;

    b.    Defendants paid them hourly wages;

    c.    Defendants assigned them to work overtime;

    d.    Defendants instructed them not to record overtime work; and

    e.    Defendants failed and refused to pay them overtime wages based on Defendants' company-wide policy.

34. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and as the class representative of the following persons (the "Illinois Class"):

> All current and former Home Health Workers employed by Preferred Pediatric Home Health Care, Inc. who performed work for Defendants in Illinois from the date three years preceding the filing of this suit through the date judgment is entered in this suit.

35. Plaintiff brings Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself as the class representative of the following persons (the "Missouri Class"):

> All current and former Home Health Workers employed by Preferred Pediatric Home Health Care, Inc. who performed work for Defendants in Missouri from the date two years preceding the filing of this suit through the date judgment is entered in this suit.

36. The class claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the class.

37. Plaintiff's Illinois Class and Missouri Class claims each satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23(a) and each satisfy the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

38. The classes satisfy the numerosity requirement as, considering employee turnover, they each consist of at least hundreds of persons who are believed to be geographically dispersed. As a result, joinder of all class members in a single action is impracticable.

39. Questions of fact and law common to the classes predominate over any questions affecting only individual members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

    a. Whether class members have worked for Defendants as Home Health Workers during the recovery period;

    b. Whether Defendants paid them hourly wages;

    c. Whether Defendants assigned them to work overtime during their "on call" hours;

    d. Whether Defendants instructed them not to record overtime work; and

    e. Whether Defendants failed and refused to pay them overtime wages based on Defendants' company-wide policy.

40. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

41. Plaintiff's claims are typical of those of the Class in that Plaintiff and the other Class members have been employed as Home Health Workers, Defendants have paid all of them hourly wages, Defendants assigned them to work overtime during their "on call" hours, Defendants instructed them not to recover overtime work, and Defendants failed and refused to pay them overtime wages based on Defendants' company-wide policy.

42.     Plaintiff is an adequate representative of the classes because she is a member of the classes and her interests do not conflict with the interests of the members of the classes she seeks to represent.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

43.     Maintenance of Counts II and III as class actions is a fair and efficient method for adjudicating this controversy.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938
### By Failing to Pay Home Health Workers Overtime Premiums

44.     Plaintiff reasserts and re-alleges the allegations set forth above.

45.     At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

46.     The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

47.     Defendants are subject to the overtime pay requirements of the FLSA because Defendant Preferred Pediatric Home Health Care, Inc. is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

48. During all times relevant, Defendants were "employers" of Plaintiff and all similarly situated workers within the meaning of the FLSA. 29 U.S.C. § 203(d).

49. During all times relevant, Plaintiff and all similarly situated workers were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

50. None of the FLSA's exemptions apply to Plaintiff or other similarly situated employees. 29 U.S.C. § 213.

51. Defendants violated Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), by failing to pay them overtime wages for work performed in excess of 40 hours per week.

52. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. Defendants are applying the same unlawful compensation policy to all Home Health Workers.

53. Plaintiff and all similarly situated employees are entitled to damages equal to the FLSA's mandated overtime premium pay for all overtime worked since the date three years preceding filing of this suit, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

54. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Plaintiff and similarly situated employees are not entitled to recover liquidated damages, then they are entitled to an award of prejudgment interest at the applicable legal rate.

55.     As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees.  Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. § 216(b); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Illinois Minimum Wage Law
### By Failing to Pay Home Health Workers Overtime Premiums

56.     Plaintiff reasserts and re-alleges the allegations set forth above.

57.     At all relevant times herein, Plaintiff and the Illinois Class have been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

58.     The IMWL regulates, among other things, the payment of overtime by employers, subject to limited exemptions not applicable herein.  820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

59.     During all times relevant, Defendants were the "employers" of Plaintiff and the Illinois Class within the meaning of the IMWL.  820 ILCS §§ 105/3(c) & (d).

60.     During all times relevant, Plaintiff and the Illinois Class were Defendants' "employees" within the meaning of the IMWL.  820 ILCS § 105/3(d).

61.     None of the IMWL's exemptions apply to the Illinois Class.  820 ILCS § 105/3(d).

62. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(1).

63. Defendants, pursuant to their policy and practice, violated the IMWL by refusing and failing to pay the Illinois Class overtime premium wages for overtime work. 820 ILCS § 105/4a(1).

64. Plaintiff and the Illinois Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all members of the Illinois Class.

65. The Illinois Class is entitled to damages equal to all unpaid overtime wages due since the date three years preceding filing of this suit. 820 ILCS § 105/12(a).

66. The Illinois Class is entitled to damages equal to 2% of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

67. The Illinois Class is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

68. Defendants are liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and the Illinois Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) additional damages equal to 2% per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-

judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III:  Violation of the Missouri Minimum Wage Law
### By Failing to Pay Home Health Workers Overtime Premiums

69. Plaintiff reasserts and re-alleges the allegations set forth above.

70. At all relevant times herein, Plaintiff and the Missouri Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500 *et seq*.

71. The MMWL regulates, among other things, the payment of overtime by employers, subject to limited exemptions not applicable herein.  R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505(1).

72. During all times relevant, Defendants were the "employers" of Plaintiff and the Missouri Class within the meaning of the MMWL.  R.S. Mo. § 290.500(3).

73. During all times relevant, Plaintiff and the Missouri Class were Defendants' "employees" within the meaning of the MMWL.  R.S. Mo. § 290.500(4).

74. None of the MMWL's exemptions apply to the Missouri Class.  R.S. Mo. § 390.500(3); R.S. Mo. § 290.505.

75. Pursuant to the MMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  R.S. Mo. § 290.505(1).

76. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay the Missouri Class overtime premium wages for overtime work.  820 ILCS § 105/4a(1).

77. Plaintiff and the Missouri Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all members of the Missouri Class.

78. The Missouri Class is entitled to damages equal to all unpaid overtime wages due since the date two years preceding filing of this suit. R.S. Mo. § 290.527.

79. The Missouri Class is entitled to statutory liquidated damages equal to the amount of unpaid overtime wages. *Id.*

80. The Missouri Class is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

81. Defendants are liable pursuant to R.S. Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count III of this Complaint, Plaintiff and the Missouri Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages due per R.S. Mo. § 290.527; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count IV:  Violation of the Fair Labor Standards Act of 1938
### By Failing to Pay Plaintiff Overtime Premiums

82. Plaintiff reasserts and re-alleges the allegations set forth above.

83. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

84. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of

goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

85. Defendants are subject to the overtime pay requirements of the FLSA because Defendant Preferred Pediatric Home Health Care, Inc. is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

86. During all times relevant, Defendants were "employers" of Plaintiff within the meaning of the FLSA.  29 U.S.C. § 203(d).

87. During all times relevant, Plaintiff was Defendants' "employee" within the meaning of the FLSA.  29 U.S.C. § 203(e).

88. None of the FLSA's exemptions applied to Plaintiff during the time that Defendants misclassified her as a "manager" exempt from overtime wage laws.  29 U.S.C. § 213.

89. Defendants violated Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), by failing to pay Plaintiff overtime wages for work performed in excess of 40 hours per week during the time Defendants misclassified her as a "manager" exempt from overtime wage laws.

90. Plaintiff is entitled to damages equal to the FLSA's mandated overtime premium pay for all overtime worked since the date three years preceding filing of this suit, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

91. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b).  Alternatively, should the

Court find that Plaintiff is not entitled to recover liquidated damages, then she is entitled to an award of prejudgment interest at the applicable legal rate.

92. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count IV of this Complaint, Plaintiff demands judgment against Defendants and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. § 216(b); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count V: Violation of the Illinois Minimum Wage Law By Failing to Pay Plaintiff Overtime Premiums

93. Plaintiff reasserts and re-alleges the allegations set forth above.

94. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

95. The IMWL regulates, among other things, the payment of overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

96. During all times relevant, Defendants were the "employers" of Plaintiff within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

97. During all times relevant, Plaintiff was Defendants' "employee" within the meaning of the IMWL. 820 ILCS § 105/3(d).

98. None of the IMWL's exemptions apply to Plaintiff. 820 ILCS § 105/3(d).

99. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(1).

100. Defendants violated the IMWL by refusing and failing to pay Plaintiff overtime premium wages for overtime work she performed during the time that Defendants misclassified her as a "manager" exempt from overtime laws. 820 ILCS § 105/4a(1).

101. Plaintiff is entitled to damages equal to all unpaid overtime wages due during the time that Defendants misclassified her as a "manager" exempt from overtime laws.

102. Plaintiff is entitled to damages equal to 2% of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid. 820 ILCS § 105/12(a).

103. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

104. Defendants are liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count V of this Complaint, Plaintiff demands judgment against Defendants and prays for: (1) compensatory damages; (2) additional damages equal to 2% per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count VI:  Violation of the Missouri Minimum Wage Law
### By Failing to Pay Plaintiff Overtime Premiums

105. Plaintiff reasserts and re-alleges the allegations set forth above.

106. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500 *et seq*.

107. The MMWL regulates, among other things, the payment of overtime by employers, subject to limited exemptions not applicable herein.  R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505(1).

108. During all times relevant, Defendants were the "employers" of Plaintiff within the meaning of the MMWL.  R.S. Mo. § 290.500(3).

109. During all times relevant, Plaintiff was Defendants' "employee" within the meaning of the MMWL.  R.S. Mo. § 290.500(4).

110. None of the MMWL's exemptions apply to Plaintiff.  R.S. Mo. § 390.500(3); R.S. Mo. § 290.505.

111. Pursuant to the MMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  R.S. Mo. § 290.505(1).

112. Defendants violated the MMWL by refusing and failing to pay Plaintiff overtime premium wages for overtime work she performed during the time that Defendants misclassified her as a "manager" exempt from overtime laws.  820 ILCS § 290.505(1).

113. Plaintiff is entitled to damages equal to all unpaid overtime wages due during the time that Defendants misclassified her as a "manager" exempt from overtime laws.

114. Plaintiff is entitled to statutory liquidated damages equal to the amount of unpaid overtime wages. *Id.*

115. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

116. Defendants are liable pursuant to R.S. Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count VI of this Complaint, Plaintiff demands judgment against Defendants and prays for: (1) compensatory damages; (2) liquidated damages due per R.S. Mo. § 290.527; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**

/s/ Mark A. Potashnick
Mark A. Potashnick (IL Bar # 6271083)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
Email: markp@wp-attorneys.com

and

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh, (IL Bar # 6226863)
230 S. Bemiston Ave., Suite 1200
St. Louis, MO 63105
Telephone: (314) 862-3333, ext. 13
Facsimile: (314) 862-0605
Email: elikarsh@aol.com

**ATTORNEYS FOR PLAINTIFF**