UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALINDA FOUCHE<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PREFERRED PEDIATRIC HOME HEALTH CARE, INC., and JANE DOSS,<br><br>　　　　Defendants. | Case No. 3:16-cv-01389-DRH-SCW |

**JOINT MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Malinda Fouche ("Plaintiff"), Preferred Pediatric Home Health Care, Inc. ("Preferred") and Jane Doss ("Doss"), hereby move the Court for entry of an order granting Plaintiff leave to file the First Amended Complaint, granting final approval of the Settlement Agreement, and dismissing the case with prejudice upon the filing of the First Amended Complaint.

　　1.　　On December 27, 2016, Plaintiff Malinda Fouche filed this lawsuit in her individual capacity and on behalf of allegedly similarly situated hourly-paid home health employees at Preferred, alleging that Defendants failed to pay certain overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207(a)(1) (Count I), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3-4a (Count II), and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. 290.505.1 (Count III).  She also alleged that Defendants

1

misclassified her as an exempt employee during a portion of her employment, and by doing so, denied her additional overtime under the FLSA (Count IV), the IMWL (Count V), and the MMWL (Count VI).

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

2. Count I was initially brought as an opt-in collective action under the FLSA, and Counts II-III were initially brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3. After reviewing substantial payroll and personnel documents pertaining to Plaintiff and many of the proposed class members in the course of discovery, Plaintiff has decided to remove all class and collective action claims from her Complaint and reassert all claims in the Complaint in her individual capacity only. A copy of the proposed First Amended Complaint has been sent to Chief District Judge David R. Herndon at the following email address in accordance with Southern District of Illinois Local Rule 15.1: DRHpd@ilsd.uscourts.gov.

4. Plaintiff has not sought collective certification of her FLSA claims and has not sought class certification of her state law claims under Fed. R. Civ. P. 23. In addition, no one other than Plaintiff has opted into this lawsuit or otherwise expressed an interest in participating in this lawsuit. At the same time, each of the putative collective and class action plaintiffs are free to pursue the claims asserted in the original Complaint. As such, the proposed First Amended Complaint will not prejudice the putative collective or class action plaintiffs.

## MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

5. Plaintiff and the Defendants have reached a proposed settlement of each of the Plaintiff's claims as asserted in the First Amended Complaint, the filing of which is a condition

of the Settlement Agreement entered into by the parties. A copy of the proposed Settlement Agreement is attached hereto as **Exhibit A**.

6. Because the settlement includes FLSA claims, the parties are submitting the settlement to the Court for final approval. McAfee v. Hubbard, No. 14-CV-1010, 2017 WL 1479304 (S.D. Ill. April 25, 2017), citing Burkholder v. City of Fort Wayne, 750 F.Supp.2d 990, 994 (N.D. Ind. 2010) ("Stipulated settlements in a FLSA case must be approved by the Court."); Lynn Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). To be approved, the settlement must constitute "a fair and reasonable resolution of a bona fide dispute." Lynn, 679 F.3d at 1355.

7. "Normally, a settlement is approved where it is a result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." Burkholder, 750 F.Supp.2d at 995, citing Misiewwicz v. D'Onofrio General Contractors Corp., No. 08 CV 4377, 2010 WL 2545439, *4 (E.D.N.Y. May 17, 2010).

8. The factors the Court should consider when reviewing a proposed FLSA settlement solely on behalf of the Plaintiff (as opposed to an entire class) are: "1) the complexity, expense, and likely duration of the litigation; 2) the stage of the proceedings and the amount of discovery completed; 3) the risks of establishing liability; 4) the risks of establishing damages; 5) the ability of the defendants to withstand a larger judgment; 6) the range of reasonableness of the settlement fund in light of the best possible recovery; and 7) the range of reasonableness of the settlement fund in light of all the risks of litigation." Paredes v. Monsanto

Co., No. 4:15-CV-088, 2016 WL 1555649, *2 (N.D. Ind. April 16, 2016), citing Misiewwicz, 2010 WL 2545439, *4;

9. The proposed settlement in this case was the result of contentious arm's-length negotiations between Plaintiff's counsel and Defendants' counsel, which were undertaken in good faith. Counsel exchanged over 1,000 pages of payroll and personnel documents over the course of several months, engaged in negotiations over the telephone, and engaged in further negotiations through email.

10. In addition, serious questions of law and fact existed as to each of Plaintiff's claims that demonstrate the value of immediate recovery as opposed to protracted litigation, and further demonstrate the existence of a bona fide dispute as to both liability and damages. Specifically, the parties disputed whether Plaintiff was properly classified as an exempt employee during the latter half of her employment, whether Plaintiff performed compensable work while on-call, whether Plaintiff was properly paid for any compensable work she did perform while on-call, whether Plaintiff was paid overtime for certain work performed while on-call, whether Defendants were entitled to an offset against any compensable work for which Plaintiff was not properly paid because they provided Plaintiff with compensation to which she was not entitled while she was on-call, and whether liquidated damages could be recovered against Defendants in the event that any compensatory damages could be recovered. In addition, serious questions existed about the propriety and permissible scope of collective and class certification, which Plaintiff had not pursued as of the date that the parties agreed to the aforementioned settlement.

11. For the same reasons, the factors discussed in Misiewwicz all favor approval of the proposed settlement. This case is still in its early stages, and litigating it to a trial on the

4

merits will likely involve considerable time and expense.  In addition, considering the nature and degree of factual and legal disputes as to both liability and damages, the risks to both parties if the litigation continues are significant.  Likewise, although discovery is not yet concluded, the parties have exchanged a significant number of documents that allowed both parties to evaluate the merits of Plaintiff's claims and Defendants' defenses.  Finally and importantly, Plaintiff only worked for Preferred from February 2016 to November 2016, a very small portion of the potential three-year time period at issue in this litigation.  Considering this fact and the fact that Plaintiff would need to demonstrate that she was improperly classified as exempt to obtain any recovery for a significant portion of this time period, the parties agree that the settlement Plaintiff is receiving is very reasonable considering her total potential recovery and her risk of not recovering anything.

WHEREFORE, the parties desire to fully, finally, and forever settle, compromise and discharge the claims asserted in the First Amended Complaint, and believe that the settlement reached is fair, adequate, and in the best interest of all parties.  The parties therefore respectfully request the Court enter an Order granting Plaintiff leave to file the First Amended Complaint, granting final approval of the settlement reached in this matter, and dismissing this case with prejudice upon the filing of the First Amended Complaint.

1688603

| | |
|---|---|
| GREENSFELDER, HEMKER & GALE, P.C. | WEINHAUS & POTASHNICK |
| BY s/ Kevin T. McLaughlin<br>Kevin T. McLaughlin, MO Bar No. 44212<br>Molly R. Batsch, IL Bar No. 629822710 S.<br>Broadway, Suite 2000<br>St. Louis, MO 63102<br>T: 314-241-9090<br>F: 314-241-3643<br>Email: ktm@greensfelder.com<br>     mrb@greensfelder.com | BY s/ Mark A. Potashnick<br>Mark A. Potashnick, IL Bar No. 6271083<br>11500 Olive Blvd., Suite 133<br>St. Louis, MO 63141<br>T: 314-997-9150<br>F: 314-997-9170<br>Email: markp@wp-attorneys.com |
| JONES, GOTCHER & BOGAN, P.C. | LIBERMAN, GOLDSTEIN & KARSH |
| BY s/ James E. Weger<br>James E. Weger, OK Bar No. 9437<br>C. Michael Copeland, OK Bar No. 13261<br>15 E. 15th Street, Suite 3800<br>Tulsa, OK 74103<br>T: 918-581-8200<br>F: 918-583-1189<br>Email: mcopeland@jonesgotcher.com<br>     jweger@jonesgotcher.com | BY s/ Eli Karsh<br>Eli Karsh, IL Bar No. 6226863<br>230 S. Bemiston Ave., Suite 1200<br>St. Louis, MO 63105<br>T: 314-862-3333, ext. 13<br>F: 314-862-0605<br>Email: elikarsh@aol.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

1688603