IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MALINDA FOUCHE,
                              **Plaintiff,**

vs.

                                            **Case No. 16-cv-1389-DRH-SCW**

PREFERRED PEDIATRIC HOME
HEALTH CARE, INC., and JANE DOSS,

                        **Defendants.**

## SETTLEMENT APPROVAL AND DISMISSAL ORDER

**HERNDON, District Judge**:

### I. Introduction and Background

This matter comes before the Court on the parties' Joint Motion for Settlement Approval (Doc. 37). The motion specifically requests that the Court grant final approval of the Settlement Agreement, and dismiss this case with prejudice.[1] Based on the following, the grants the motion.

On December 27, 2016, Plaintiff Malinda Fouche filed the underlying lawsuit in her individual capacity and on behalf of allegedly similarly situated hourly-paid home health employees at Preferred Pediatric Home Health Care, Inc., alleging that defendants failed to pay certain overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207(a)(1) (Count I), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3-4a (Count II), and the Missouri

---

[1] The motion also sought leave to file a first amended complaint in this matter, prior to the Court granting final approval of the Settlement Agreement. On November 30, 2017, the Court granted plaintiff's request and directed that her first amended complaint be filed (Doc. 40). Later that day, plaintiff filed her first amended complaint (Doc. 41)

Minimum Wage Law ("MMWL"), Mo. Rev. Stat. 290.505.1 (Count III). She also alleged that defendants misclassified her as an exempt employee during a portion of her employment, and by doing so, denied her additional overtime under the FLSA (Count IV), the IMWL (Count V), and the MMWL (Count VI). On November 30, 2017, plaintiff filed an amended complaint in effect removing all class and collective action claims from her complaint, thus reasserting all claims asserted in her complaint in her individual capacity only (Doc. 41). Plaintiff and the Defendants have reached a settlement of each of plaintiff's claims, as asserted in the First Amended Complaint, and now seek final settlement approval and dismissal of this case with prejudice (Doc. 37).

## II.  Law and Application

As mentioned above, this case includes FLSA claims. Stipulated settlements in a FLSA case must be approved by the Court. *McAfee v. Hubbard*, No. 14-CV-1010, 2017 WL 1479304 (S.D. Ill. April 25, 2017), citing *Burkholder v. City of Fort Wayne*, 750 F.Supp.2d 990, 994 (N.D. Ind. 2010); *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). To be approved, the settlement must constitute "a fair and reasonable resolution of a bona fide dispute." *Lynn*, 679 F.3d at 1355.

"Normally, a settlement is approved where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and

expensive litigation.'" *Burkholder*, 750 F.Supp.2d at 995, citing *Misiewicz v. D'Onofrio General Contractors Corp.*, No. 08 CV 4377, 2010 WL 2545439, *4 (E.D.N.Y. May 17, 2010).

When reviewing a FLSA settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Burkholder,* 750 F.Supp 2d at 995 (citing to *Misiewicz*, 2010 WL 2545439, at *4)

The Court has considered and applied the factors set forth in *Burkholder*, and finds the settlement to be fair, reasonable, and adequate when balanced against the probable outcome of further litigation and the risks related to liability and damages.  The Court finds the extensive investigation and research conducted by the parties led them to reasonably evaluate and understand their respective positions. The Court further finds that approving the settlement will avoid substantial and additional costs by the parties, as well as further delay and risks likely to be encountered by further litigation of the claims and defenses asserted. The Court also finds the settlement has been reached after litigation of a *bona fide* dispute and as a result of arms-length negotiations involving experienced counsel for both sides. As such, the Court finds the settlement is fair, adequate,

reasonable, and in the best interest of the parties.  Finally, the Court finds that the settlement satisfies all fairness and adequacy factors as set forth in this Circuit's jurisprudence regarding resolution of claims under 29 U.S.C. § 201, *et seq.* (the Fair Labor Standards Act).

Therefore, the Court approves, as fair and reasonable, the amount requested by the plaintiff to be paid to counsel for the services rendered, and expenses they have incurred, in prosecuting this action.

Neither the settlement, nor any exhibit, document or instrument delivered under the Settlement Agreement, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the settlement, shall be discoverable, or admissible in evidence, for any purpose, except as provided in the Settlement Agreement and General Release.

Without affecting the finality of this Order, the Court shall retain exclusive jurisdiction with respect to the interpretation, implementation and enforcement of the terms of the settlement, all orders and judgments entered in connection therewith, and other matters ancillary to the settlement, and the parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement and all orders and judgments entered in connection therewith.

Therefore, the Court approves the parties' settlement upon the terms and conditions in the Settlement Agreement.

### III.  Conclusion

For the reasons stated above, the Court **GRANTS** the Joint Motion for Settlement Approval (Doc. 37). The settlement agreement between the plaintiff and defendants is APPROVED, and plaintiff's claims against Preferred Pediatric Home Health Care, Inc., and Jane Doss are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.04
14:29:40 -06'00'

**United States District Judge**